THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AK CAPITOL, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CASA DEL SOL SPIRITS CO., a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-11-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff AK Capitol sues Defendant Casa Del Sol Spirits Co., alleging various contractual claims. *See* Dkt. No. 2. Although AK Capitol invokes this court's diversity jurisdiction under 28 U.S.C. § 1332(a), it has failed adequately to allege its own citizenship. AK Capitol alleges that it is "a limited liability company organized pursuant to the laws of the State of Utah" with one member, Short, LLC. Dkt. No. 2 ¶¶ 1–2. AK Capitol alleges that Short, LLC, in turn, has three members: "a traditional trust of which Alex Short, an individual residing in Utah, is the trustee, and which is governed by Utah law"; "a traditional trust of which Staci Short, an individual residing in Utah, is the trustee, and which is governed by Utah law"; and "an irrevocable asset protection trust governed by Nevada law with four trustees," three of whom "are individuals residing in Utah" and the fourth, a "corporation formed pursuant to the laws of the State of Nevada that maintains its principle place of business in Nevada." *Id.* ¶ 3.

AK Capitol appears to understand that that for purposes of diversity jurisdiction, an LLC's citizenship is determined by "the citizenship of all its members," which means that an LLC is a citizen of *every* State or foreign nation of which *any* of its members is a citizen. *Siloam*

*Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). AK Capitol also appears to understand that "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Academy*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d. Cir. 2010)).

Even so, AK Capitol fails adequately to identify and allege the citizenship of the individuals and entities on which its citizenship turns. As an initial matter, it is well settled that for natural persons who are United States citizens, diversity jurisdiction turns on state citizenship, not mere residence; that state citizenship turns on domicile; and that domicile is not the same thing as residence. *See, e.g., Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Siloam Springs*, 781 F.3d at 1238; *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). (For a natural person who is not a U.S. citizen, the court instead looks to the person's country of citizenship.) Even if AK Capitol's citizenship turned on the citizenship of the various trustees it identifies, AK Capitol fails to allege the *citizenship*—as opposed to the *residence*—of the trustees who are natural persons.

Further, to establish the citizenship of the various trusts it identifies, AK Capitol likely must do more than simply allege the citizenship of the trustees. In *Americold Realty Trust v. Conagra Foods, Inc.*, the Supreme Court addressed the citizenship of a real estate investment trust for the purposes of diversity jurisdiction. *See* 577 U.S. 378 (2016). The Court "adhered to [the] oft-repeated rule" governing "artificial entities other than corporations" that "diversity

jurisdiction in a suit by or against the entity depends on the citizenship of all its members." *Id*. at 381 (cleaned up). And because the trust in that case was "not a corporation," the Court concluded that it possessed the citizenship of its members—whom, looking to state law, the Court identified as the trust's shareholders, the persons for whose "benefit and profit" its property was "held and managed." *Id*. at 382 (cleaned up).

The Court in *Americold* then expressly rejected the argument, based on *Navarro Savings Association v. Lee*, "that anything called a 'trust' possesses the citizenship of its trustees alone." *Americold*, 577 U.S. at 382 (citing *Navarro*, 446 U.S. 458 (1980))*.* The Court explained:

> As we have reminded litigants before, . . . *Navarro* had nothing to do with the citizenship of a trust. Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. This rule coexists with our discussion above that when an artificial entity is sued it *its* name, it takes the citizenship of each of its members.

*Id*. at 382–83 (cleaned up).

The court acknowledged, however, that "confusion regarding the citizenship of a trust is understandable and widely shared." *Id.* at 383. And it observed that "[t]he confusion can be explained, perhaps, by tradition":

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued.

*Id.* (cleaned up).

The court further noted that "[m]any states, however, have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template." *Id*.;

3

*see also id.* (observing that "Maryland, for example, treats a real estate investment trust as a 'separate legal entity' that itself can sue or be sued"). It then explained that "so long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members" and that "neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust." *Id*. at 384. The Court "therefore decline[d] to apply the same rule to an unincorporated entity sued it its organizational name that applies to a human trustee sued in her personal name." *Id*. at 383–84.

The Court's decision in *Americold* does not appear to have dispelled the confusion it described. In particular, this decision has proved susceptible to multiple interpretations. One of these interpretations relies heavily on the Court's statement—after its discussion of the traditional understanding that a trust was a "fiduciary relationship" rather than "a distinct legal entity" and thus could not be "haled into court"—that "[f]or a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* at 383. Under this interpretations, the Court classified trusts into two categories—"traditional" and "non-traditional"—with the former taking the citizenships of their trustees and the latter taking the citizenships of their members. *See, e.g.*, *Wang ex rel. Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 492–94 (D.C. Cir. 2016); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 728–29 (2d Cir. 2017). The courts adopting this interpretation have concluded that "a traditional trust is a trust that lacks juridical person status" under "the law of the state where the trust is formed." *Wang*, 843 F.3d at 495; *see also Raymond Loubier Irrevocable Trust*, 858 F.3d at 729 (distinguishing "trusts recognized in law as distinct juridical entities" from a "traditional

trust that establishes only a fiduciary relationship and that cannot sue or be sued in its own right").

The other interpretation relies on the distinction the *Americold* Court repeatedly drew between suits by or against a trustee and suits by or against the trust itself. *See, e.g.*, *Americold*, 577 U.S. at 382–83 (explaining that the rule reaffirmed in *Navarro* "that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person" "coexists" with the rule "that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members"); *id*. at 383–84 (declining "to apply the same rule to an unincorporated entity sued it its organizational name that applies to a human trustee sued in her personal name"). Under this interpretation, if the trust itself is a party to the lawsuit, it takes the citizenships of each of its members; but if only its trustee is named as a party, the trustee's citizenship is all that matters. *See Zoroastrian Center v. Rustam Guiv Found.*, 822 F.3d 739, 749 (4th Cir. 2016) (noting this possibility).

In this case, neither the trustees nor the trusts are named as parties to the lawsuit. And although AK Capitol alleges that its member's members are trusts, the court is unaware of any basis for treating those trusts as parties to the lawsuit. To be sure, the rule governing the citizenship of unincorporated associations originally derived from an understanding that "only a human [can] be a citizen for jurisdictional purposes" and, if a "'mere legal entity' . . . is sued, the relevant citizens [are] its 'members,' or the 'real persons who come into court' in the entity's name.'" *Americold*, 577 U.S. at 381 (quoting *Bank of United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 86–91 (1809)). But even if this rule could support treating the "real persons who come into court in the entity's name" as *parties*, that would in this case apply to the *real*

*persons*—either the members or trustees—whose citizenships determines the citizenships of the trusts. It would not justify treating the trusts themselves as parties—after all, they, like AK Capitol, are (at most) "mere legal entities."

Under these circumstances, at least, this court will follow the first understanding of *Americold* and ask whether state law treats the trusts in question as mere "fiduciary relationships" between trustees and beneficiaries or as "distinct legal entities"—that is, as juridical persons with the capacity to act (or sue and be sued) in their own names. If the trusts are mere relationships, they can act (or sue or be sued) only in the name of their trustees, and asking their citizenship makes no more sense than asking the "citizenship" of, say, a contract or an attorney-client relationship. But if state law treats the trusts as a distinct legal entities, then their citizenships are determined by the same rules that govern any other unincorporated artificial person.

In this case, AK Capitol alleges that it is a Utah LLC and that its sole member is a Wyoming LLC. *See* Dkt. 2 ¶¶ 1–2. AK Capitol further alleges that each of the three members of the Wyoming LLC is a trust. *See id.* ¶ 3. The Wyoming Limited Liability Company Act defines a "[m]ember" as "a person that has become a member of a limited liability company." WY Stat. 17-29-102(a)(xii). A "person," in turn, is defined to "include[] an individual, partnership, corporation, joint stock company or any other association or entity, public or private." WY Stat. § 17-29-102(a)(xvi) (cross-referencing 8-1-102(a)(vi)). Based on AK Capitol's allegations, it appears that a trust may be a member of a Wyoming LLC. *See* Dkt. No. 2 ¶ 3*; cf.* WY Stat. 4-10-103(a)(xii) (Uniform Trust Code) (defining "person" as used in Wyoming's Uniform Trust Code to encompass "business trust[s]," "trust[s]," and "any *other* legal or commercial entity")

(emphasis added)). It thus appears that Wyoming law treats a trust not as a mere fiduciary relationship but as a distinct "legal . . . entity" and an artificial "person"—at least when it becomes a member of an LLC. Further, Wyoming law appears to permit members of an LLC to sue one another, managers, or the LLC. *See* WY Stat. § 17-29-901(a). If all of this is correct, the citizenship of each of the trusts identified by AK Capitol may turn not on the citizenship of their trustees, as AK Capitol appears to assume, but on the citizenship of all of their members.[1]

Based on the complaint, the court thus cannot determine whether it has subject matter jurisdiction over this action. No later than March 10, 2025, AK Capitol shall file an amended complaint that properly alleges its citizenship for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1653. Specifically, AK Capitol shall:

1.    confirm that Wyoming law permits trusts to be members of LLCs and, at least in this context, treats trusts as legal entities and juridical persons rather than mere fiduciary relationships; identify all of the members of each trust; and properly allege the citizenship of each member;

2.    explain that Wyoming law treats the trusts at issue here as mere fiduciary relationships rather than legal entities and juridical persons even though they are

---

[1] To be sure, AK Capitol alleges that the Trusts who are members of the Wyoming LLC are organized under Utah and Nevada law. Dkt. No. 2 ¶ 3. A difficult choice of law question might arise if Utah or Nevada law treats these trusts as mere relationships rather than juridical persons but Wyoming law allows them to become members of a Wyoming LLC and treats them as juridical persons when they have done so. To the extent it is relevant, the court notes that Utah law parallels the Wyoming law discussed above, though it is even more explicit that a trust is a "person" who may become a "member" of an LLC. *See* UT Code § 48-3a-102(14) & (18); *id*. § 48-3a-801. It thus appears that if a Utah trust became a member of a Utah LLC, it would be treated as a juridical person under Utah law, at least for some purposes. The Court has been unable to locate Nevada statutes addressing these issues explicitly.

listed as members of a Wyoming LLC and properly allege the citizenship of each

trustee; or

3.      explain that Utah and Nevada law governs the status of the trusts at issue here,

even with respect to their status as members of a Wyoming LLC, and then

otherwise comply with the instructions set forth in either (1) or (2).

If the amended complaint fails adequately to allege complete diversity between the

parties, this action will be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED this 24th day of February, 2025.

BY THE COURT:

_____
HOWARD C. NIELSON, JR.
United States District Judge