UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AK CAPITOL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CASA DEL SOL SPIRITS CO., a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PREJUDGMENT WRITS OF GARNISHMENT AND ATTACHMENT (DOC. NO. 4)**<br><br>Case No. 2:25-cv-00011<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

AK Capitol, LLC brought this action against Casa Del Sol Spirits Co., alleging Casa Del Sol defaulted on a promissory note and security agreement.[1] AK Capitol filed a motion for prejudgment writs of garnishment and attachment.[2] As explained below, because AK Capitol has withdrawn its request for a writ of attachment and fails to show this court has jurisdiction to issue the requested prejudgment writ of garnishment, the motion is denied.

---

[1] (*See* First Am. Compl., Doc. No. 17.)

[2] (Mot. for (1) Prejudgment Writ of Garnishment, (2) Prejudgment Writ of Attachment, (3) Expedited Discovery, and (4) Expedited Resolution ("Mot."), Doc. No. 4.) The motion also included a request for expedited discovery, which was granted in a prior order. (*See* Docket Text Order, Doc. No. 24.)

BACKGROUND

AK Capitol filed this case against Casa Del Sol in January 2025, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment/quantum meruit, and judicial enforcement of security interest (a state law claim).[3] AK Capitol alleges it loaned Casa Del Sol $500,000 pursuant to a secured promissory note, and Casa Del Sol breached the note and security agreement by failing to make required payments.[4] The security agreement grants AK Capitol a security interest "in the full inventory, accounts, instruments and documents of" Casa Del Sol, "wherever located, whether now owned or hereafter acquired or arising, and all proceeds, products, and accessions thereof . . . used in connection with [Casa Del Sol's] alcoholic spirits business."[5]

In its motion, AK Capitol sought (1) a prejudgment writ of garnishment against certain bank accounts held in the name of Casa Del Sol and (2) a prejudgment writ of attachment against Casa Del Sol's inventory located in California and Mexico.[6] AK Capitol stated: "Rather than authorize AK Capitol's immediate seizure of the Property, these prejudgment writs should (for now) simply place the Property under the Court's

---

[3] (*See* Compl., Doc. No. 2; First Am. Compl., Doc. No. 17.)

[4] (*See* First Am. Compl. ¶¶ 20–25, 37–40, Doc. No. 17.)

[5] (*Id.* ¶ 29; Ex. 2 to Decl. of Alex Short ("Short Decl."), Security Agreement § 1, Doc. No. 4-2 at 16–21.)

[6] (*See* Mot. ¶¶ 34–35, Doc. No. 4; Short Decl. ¶¶ 14.a–14.b, Doc. No. 4-2; Ex. 8 to Short Decl., Inventory List, Doc. No. 4-2 at 36–37.)

jurisdiction, such that the Court possesses authority to manage and control the Property for the benefit of AK Capitol and other creditors."[7] Specifically, AK Capitol requested writs "requir[ing] Casa Del Sol to disclose and account for, weekly and in detail, all business transactions involving the Property" and "forbid[ding] any transfers of any Property over $100.00 in value, individually or in the aggregate, for which fair market value is not given in return and that that are not in the ordinary course of Casa Del Sol's business."[8]

Casa Del Sol appeared in this case and filed an answer[9] but did not respond to AK Capitol's motion by the deadline set by the court.[10] The court then held a hearing at which both parties appeared.[11] At the hearing, Casa Del Sol argued the court lacks jurisdiction to issue the requested writs because the property at issue is not located in Utah. The court ordered the parties to file notices of supplemental authority regarding the court's jurisdiction to issue extraterritorial writs (among other issues).[12]

---

[7] (Mot. 2, Doc. No. 4.)

[8] (*Id.*)

[9] (Answer to Am. Compl., Doc. No. 20.)

[10] (*See* Order, Doc. No. 18.) After the response deadline, and one day before the hearing, Casa Del Sol filed a motion to continue the hearing and set a new response deadline, which was denied. (*See* Mot. to Continue Hrg., Doc. No. 21; Docket Text Order, Doc. No. 22.)

[11] (*See* Min. Entry, Doc. No. 23.)

[12] (*See id.*; Docket Text Order, Doc. No. 25.)

AK Capitol filed a notice of supplemental authority in which it withdrew its request for a writ of attachment.[13] Casa Del Sol filed a document captioned as a "Supplemental Brief," which was stricken for failure to comply with the local rules governing notices of supplemental authority.[14]

## ANALYSIS

Rule 64 of the Federal Rules of Civil Procedure provides: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."[15] In other words, AK Capitol's motion is governed by Utah law.

Under Utah law, writs of attachment are "available to seize property in the possession or under the control of the defendant,"[16] while writs of garnishment are "available to seize property of the defendant in the possession or under the control of a person other than the defendant."[17] The Utah Rules of Civil Procedure govern prejudgment writs of attachment and garnishment, specifically: Rule 64A (baseline requirements for prejudgment writs), Rule 64C (additional requirements for writs of

---

[13] (*See* Notice of Suppl. Auth., Doc. No. 26.)

[14] (*See* Def.'s Suppl. Br. Per Ct.'s Order Doc. 25, Doc. No. 27; Docket Text Order, Doc. No. 28.)

[15] Fed. R. Civ. P. 64(a).

[16] Utah R. Civ. P. 64C(a).

[17] Utah R. Civ. P. 64D(a).

attachment), and Rule 64D (additional requirements for writs of garnishment).[18] However, as a threshold matter, AK Capitol fails to demonstrate this court's jurisdiction to issue the requested writs, regardless of whether the requirements of these rules are met.

In *Aequitas Enterprises, LLC v. Interstate Investment Group, LLC*,[19] the Utah Supreme Court held the Utah Rules of Civil Procedure do not authorize courts to issue writs of attachment on property located outside Utah.[20] In that case, the plaintiff sued for breach of a real estate contract and moved for a prejudgment writ of attachment on the real properties at issue, which were located outside Utah.[21] The court found that although it had personal jurisdiction over the parties and could "adjudicate the parties' interests in real property, even if the property [was] not located in [the] state," it lacked in rem jurisdiction over property not in Utah.[22] Ultimately, the court concluded Utah courts lack authority to issue extraterritorial prejudgment writs of attachment, where Rules 64A and 64C are silent on this issue.[23] The court reasoned that where "the controlling rules omit any reference to authority to issue extraterritorial writs of attachment," the omission

---

[18] Utah R. Civ. P. 64A, 64C, 64D.

[19] 2011 UT 82, 267 P.3d 923.

[20] *Id.* ¶¶ 22, 24.

[21] *Id.* ¶ 1.

[22] *Id.* ¶ 10.

[23] *See id.* ¶¶ 11–15, 17.

must be intentional.[24]  The court found this approach consistent with principles of due process and comity because the Constitution's Full Faith and Credit clause only "attaches to final judgments," not prejudgment writs.[25]

    Relying on *Aequitas Enterprises*, other courts have denied requests for extraterritorial writs of attachment and garnishment.[26]  In *AVT New Jersey, L.P. v. Cubitac Corp.*, the court denied a request for a prejudgment writ of attachment over equipment located outside Utah, where the plaintiff claimed the defendant breached a lease agreement for the equipment.[27]  And in *Tonaquint, Inc. v. Cyclone Power Technologies, Inc.*, the court determined it lacked authority to issue a post-judgment writ of garnishment to an out-of-state nonparty for out-of-state property.[28]  In that case, the plaintiff sought a writ of garnishment after entry of a default judgment, identifying the garnishee as a nonparty "transfer agent" located in Oregon who held stock belonging to the judgment debtor.[29]  The court noted the "Utah rules governing writs of garnishment contain no language authorizing Utah courts to issue writs against out-of-state

---

[24] *Id.* ¶ 17.

[25] *Id.* ¶ 18 (internal quotation marks omitted).

[26] *AVT N.J., L.P. v. Cubitac Corp.*, No. 2:19-cv-00662, 2020 U.S. Dist. LEXIS 207247, at *13–15 (D. Utah Nov. 4, 2020) (unpublished); *Tonaquint, Inc. v. Cyclone Power Techs., Inc.*, No. 2:15-cv-00536, 2017 U.S. Dist. LEXIS 171954, at *2–4 (D. Utah Oct. 17, 2017) (unpublished).

[27] 2020 U.S. Dist. LEXIS 207247, at *1–2, 13–15.

[28] 2017 U.S. Dist. LEXIS 171954, at *2–4.

[29] *Id.* at *1–2.

non-parties regarding out-of-state property."[30] Applying the reasoning from *Aequitas Enterprises*, the court concluded "such absence is intentional and indicates that the court does not have authority to issue a writ of garnishment against" the out-of-state nonparty.[31]

Shortly after the hearing in this case (and before the deadline for filing notices of supplemental authority) the court issued an order identifying the above cases.[32] AK Capitol then withdrew its request for a prejudgment writ of attachment.[33] Therefore, this request is denied as moot. But AK Capitol maintains its request for a prejudgment writ of garnishment. Based on *Aequitas Enterprises* and *Tonaquint*, AK Capitol's request for a prejudgment writ of garnishment must also be denied.

AK Capitol seeks a writ of garnishment for specific bank accounts at Bank of America and Chase Bank, which AK Capitol asserts (upon information and belief) hold funds belonging to Casa Del Sol.[34] AK Capitol provides addresses for the garnishee banks in North Carolina and Ohio, respectively.[35] In other words, based on the information provided by AK Capitol, the proposed garnishees are out-of-state nonparties, as in *Tonaquint*. Further, AK Capitol provides no information or authority

---

[30] *Id.* at *4.

[31] *Id.*

[32] (*See* Docket Text Order, Doc. No. 25.)

[33] (*See* Notice of Suppl. Auth. 2, Doc. No. 26.)

[34] (*See* Mot. ¶ 34, Doc. No. 4.)

[35] (*Id.*)

suggesting the bank accounts are located in Utah.  According to the complaint, Casa Del Sol is a Delaware corporation with its principal place of business in California.[36]  AK Capitol provides no evidence Casa Del Sol opened, maintained, or accessed accounts at Bank of America or Chase Bank in Utah.[37]  AK Capitol has not shown Utah law authorizes issuance of a prejudgment writ of garnishment under these circumstances, where there is no connection between the bank accounts and the state of Utah.  To the contrary, as explained in *Tonaquint*, the governing Utah rules do not permit extraterritorial writs of garnishment.[38]

     AK Capitol noted in its motion and at the hearing that it does not actually seek to seize or garnish the funds in Casa Del Sol's bank accounts; instead, it seeks an order forbidding transfers over $100.00 outside the ordinary course of business, and requiring Casa Del Sol to provide a weekly accounting of its business transactions.[39]  But to the extent AK Capitol requests relief other than a writ of garnishment issued to the identified banks, AK Capitol fails to identify any provision in the Utah rules governing garnishment

---

[36] (First Am. Compl. ¶ 15, Doc. No. 17.)

[37] *Cf. Power Rental Op Co., LLC v. V.I. Water & Power Auth.*, No. 3:20-cv-1015, 2021 U.S. Dist. LEXIS 127776, at *19–22 (M.D. Fla. July 6, 2021) (unpublished) (holding Florida's garnishment statute did not apply to out-of-state bank accounts, and finding the plaintiff failed to demonstrate bank accounts were located in Florida where the defendant "never opened, maintained, or accessed" the accounts in Florida).

[38] *See Tonaquint*, 2017 U.S. Dist. LEXIS 171954, at *3–4.

[39] (*See* Mot. 2, Doc. No. 4.)

authorizing such relief.[40]  Moreover, AK Capitol expressly asks the court to issue writs "plac[ing] the Property under the Court's jurisdiction."[41]  As explained above, the court lacks authority to do so for property outside of Utah.

## CONCLUSION

AK Capitol's motion for prejudgment writs of garnishment and attachment is denied.[42]  The request for a prejudgment writ of attachment is denied as moot, where AK Capitol has withdrawn this request.  The request for a prejudgment writ of garnishment is denied because AK Capitol fails to demonstrate this court has jurisdiction to issue such a writ for the identified bank accounts.

DATED this 24th day of April, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[40] *See* Utah R. Civ. P. 64D(a) ("A writ of garnishment is available to seize property of the defendant *in the possession or under the control of a person other than the defendant*." (emphasis added)); Utah R. Civ. P. 64D(f) ("The writ shall instruct the *garnishee* to complete the steps in subsection (g) and instruct the *garnishee* how to deliver the property." (emphasis added)).

[41] (Mot. 2, Doc. No. 4.)

[42] (Doc. No. 4.)